UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL A. YOUNG, JR., | ) | Case No.: 1:15 CV 429 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| STEVEN E. GALL, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

*Pro se* Plaintiff Darryl A. Young filed this action under 42 U.S.C. § 1983 against Cuyahoga County Common Pleas Court Judge Steven E. Gall. In the Complaint, Plaintiff alleges Judge Gall presided over his criminal prosecution. Plaintiff asserts the judge denied him the right to represent himself. He seeks monetary damages.

## Background

Plaintiff was arraigned on assault charges on September 4, 2014. He contends he expressed to the court his desire to represent himself and enter a plea of "not guilty by reason of insanity." His request was denied and Thomas Rein was appointed by the court to represent him. Judge Gall did not preside over the arraignment.

Plaintiff was unhappy with Rein's representation. He had a personal advisor, Marcie

Cooper, who was attempting to interact with the court and meet with Judge Gall. It does not appear she was an attorney, and her efforts to obtain a meeting with the Judge were unsuccessful. Plaintiff contends he was not given notice of pretrial conferences and was not permitted to attend them. Rein filed a Motion to Withdraw as counsel on October 6, 2014. Attorney Michael P. Shaughnessy was appointed to represent Plaintiff in his place. Plaintiff contends Judge Gall should have asked him whether he wanted another attorney appointed. He claims the charges were brought against him, not an attorney, and he will have to serve the time if he is found guilty. He asserts he should have been permitted to represent himself at trial and Judge Gall violated his right of self-representation.

**Standard of Review**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions,

2

and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## Analysis

The law entitles judges to absolute immunity from suits arising out of a judge's performance of judicial functions. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)). Specifically, "[s]tate judges are absolutely immune from liability under 42 U. S.C. § 1983." *Brookings*, 389 F.3d at 617 (citing *Briscoe v. LaHue*, 460 U.S. 325, 334, (1983)). Indeed, absolute judicial immunity applies even when the judge is accused of acting maliciously and corruptly. *Pierson*, 386 U.S. at 554. This is not to suggest that the goal of immunity is to protect or benefit a malicious or corrupt judge. *Id.* Rather, it is for the benefit of the public that the judges should be at liberty to exercise their independent judgment without fear of consequences. *Id*. Moreover, an error on the part of the judge or actions taken in excess of his

3

authority do not defeat absolute judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Only when a judge performs acts outside of his judicial capacity or in "clear absence of all jurisdiction" will the judge be subject to liability. *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir.1997) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

Whether an act is done in a judicial capacity, depends on two factors: (1) whether the act is one normally performed by a judge, and (2) whether the parties interacted with the judge in his judicial capacity. *Barnes*, 105 F.3d at 1116. Furthermore, [t]he term 'jurisdiction' is to be broadly construed to effectuate the purposes of judicial immunity. *Barnes*, 105 F.3d at 1122. Acts done 'in the clear absence of jurisdiction,' for which no immunity is afforded, should be distinguished from actions in 'excess of jurisdiction,' which fall within the ambit of immunity protection. *Id.*

Judge Gall is immune from suit for any constitutional violation which may have occurred during Plaintiff's criminal case, unless he acted outside his judicial capacity or in complete absence of jurisdiction. Plaintiff alleges the Judge refused to allow him to represent himself under the guidance of Ms. Cooper, and denied him the ability to be present at pretrial conferences. These actions were done in his judicial capacity. Ruling on requests for self-representation and conducting pretrial conferences are actions normally performed by judges, and Plaintiff was dealing with the Defendant while he was performing his duties as a judge. Furthermore, felony criminal cases are within the subject matter jurisdiction of the Cuyahoga County Court of Common Pleas. The Judge's actions were not performed in clear absence of all jurisdiction. Consequently, Judge Gall is absolutely immune from suit in this case.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

July 9, 2015

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.